ROSCOE E. ZERWEKH AND A. L. BROWN, Appellants, v. J. A. THORNBURG, Treasurer of Dallas County, AND THE EQUITABLE LIFE INSURANCE COMPANY OF IOWA.

County Warrants: PLEADINGS: INJUNCTION. A petition in an action to restrain the payment of certain warrants issued for the construction and furnishing of a courthouse, on the ground that the supervisors had illegally issued the same in excess of the amount authorized by a vote of the people, which failed to allege that the warrants sought to be enjoined were a part of the excess issue, is demurrable.

Furnishing Courthouse: POWER OF BOARD. A board of supervisors has power to appropriate funds for furnishing a courthouse without a vote of the people, and such power is not limited or affected by a vote authorizing an expenditure of a certain sum for the "erection, completion and furnishing of a courthouse."

*Appeal from Dallas District Court.*—HON. JAMES D. GAMBLE, Judge.

TUESDAY, MARCH 8, 1904.

ACTION for an injunction to restrain the defendant Thornburg, as treasurer of Dallas county, from paying to the defendant, the Equitable Life Insurance Company of Iowa certain warrants issued to the latter under the authority of the board of supervisors of said county. A demurrer to the petition was sustained by the trial court, from which ruling the plaintiff's appeal.—*Affirmed.*

*Giddings & Winegar* for appellants.

*White & Clarke* and *D. H. Miller,* County Attorney, for appellees.

McCLAIN, J.—It is alleged in the petition that the plaintiffs are taxpayers of Dallas county; that at the general election, in 1900, there was submitted to the voters of that county, by the board of supervisors thereof, a proposition purporting to authorize the erection, completion, and furnishing a court house in said county at an expense of $85,000, and the issuance and sale of bonds of said county in that amount, with the provision that no appropriation or expenditure in addition thereto be made for said purpose by said board of supervisors, and the further provision for an annual tax to pay such bonds; that this proposition was adopted by the requisite vote of the electors; that the General Assembly, by act approved February 21, 1902, legalized the proceedings of the board of supervisors submitting said proposition, notwithstanding the combination of two or more separate and distinct provisions (Acts 29th General Assembly, page 176, chapter 222); that the erection and finishing of the courthouse was contracted for by the board of supervisors at an expense of about $126,000, and warrants were issued for that amount; and that warrants to the amount of about $90,000 of this issue have been paid. The object of the action is to restrain the payment of two warrants in the aggregate sum of about $16,500, held by the defendant, the Equitable Life Insurance Company.

The contention of appellants is that the board had no authority to issue warrants in excess of the amount specified in the proposition submitted to the voters, and that warrants 1. .COUNTY war- in excess of that amount are void. But the first rants: plead- and sufficient answer to this contention is that ings: injunc- tion. it nowhere appears, from the allegations of the petition, that the warrants in question represented any part of the excess of the contract price beyond the amount which might have been lawfully appropriated; so far as appears, they may have been among the warrants lawfully issued, and the county may have already paid the warrants which were issued in excess of the lawful expenditure. It may be con-

ceded that the action of the board in making material changes
and alterations in the plans and specifications while the
courthouse was being constructed, and agreeing with the
contractors for an expenditure beyond the amount authorized
as alleged in the petition, was illegal, and that warrants for
such additional expenditure were unauthorized and void;
but in the absence of any allegation that the warrants in
question represented such unlawful expenditure, we cannot
say that these warrants were void, and that their payment
should be enjoined.

But there is another question argued which, in view of
further proceedings in this case in the lower court, should be
considered.   The proposition submitted was to borrow and
expend $85,000 "to construct, complete, and
furnish said courthouse." . The board of super-
visors could expend money for the furnishing
of a courthouse without any authority conferred by the elect-
ors voting upon a proposition submitted, and, if the warrants
in question were issued for the furnishing of the courthouse,
they are valid, so far as any objection is made in the peti-
tion.   It does not appear that these warrants were issued in
payment of the expenses of constructing, rather than in pay-
ment for furnishing.   The express provision in the proposi-
tion submitted, "that no appropriation or expenditure in ad-
dition thereto" be made for the purposes specified, would not
take away from the board the power to make appropriations
for the purpose of furnishing which already existed. There is
no authority in the statutes providing for submitting a pro-
position to limit the power of expenditure, for proper purpos-
es, given to the board, and the incorporation in the proposi-
tion submitted of such a limitation was therefore of no effect

We reach the conclusion that the demurrer was properly
sustained, and the ruling of the trial court is AFFIRMED.

2. FURNISHING
court house:
power of
board.